172 S.W.3d 152 (2005)
In the Interest of K.B.S.
No. 09-04-446 CV.
Court of Appeals of Texas, Beaumont.
Submitted June 30, 2005.
Decided August 11, 2005.
*153 J. Kevin Dutton, Jasper, for appellant.
Michael S. Ratcliff, Jasper, for appellees.
Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

OPINION
STEVE McKEITHEN, Chief Justice.
Appellant, Marvin E. Runnels, filed a petition to adjudicate parentage seeking to establish his paternity of K.B.S. Filed in a pre-existing cause, the petition alleged the trial court was the court of continuing jurisdiction and Runnels had standing to bring a parentage action. The adoptive parents filed a "Special Appearance and Answer," alleging that cause number 10243 had been sealed by the Court, and requesting dismissal of the suit on statute of limitations grounds. Without taking evidence, but apparently informed of the prior sealed proceedings in the matter  including the adoption order signed in 1996 establishing the parent-child relationship between the adoptive parents and the child  the trial court dismissed the cause with prejudice. We hold that the appellees entered a general appearance, but also hold that the appellant affirmatively negated his cause of action in his pleadings by pleading a cause of action that is barred by limitations. Accordingly, we affirm the judgment.
Runnels contends the trial court erred in granting the appellees' special appearance. Although the document filed by the appellees is titled a special appearance, it is facially a general appearance. A special appearance is a sworn pleading filed "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State." TEX.R. CIV. P. 120a(1). The appellant's petition alleges K.B.S. and the appellees reside in Bon Wier, Newton County, Texas, and appellees' special appearance does not contest that allegation. The appellees' pleading joined issue in the case and raised an affirmative defense; therefore, the trial court could not properly dismiss the case under Rule 120a. Personal jurisdiction over the appellees was not actually an issue in the case, however, and the trial court evidently dismissed the case because the suit was not timely filed.
Runnels contends the trial court erred in granting the motion to dismiss on grounds of limitations. Unless affirmatively negated by the plaintiff's pleadings, an affirmative defense must be proven at trial or through summary judgment proceedings. See Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex.1997) ("A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense."). Although no motion for summary judgment appears in the clerk's record, Runnels recognized the limitations issue in a "Response to Motion to Dismiss" and the issue was presented to the trial court for a ruling. The procedure used by the parties below does not conform to the Rules of Civil Procedure applicable to summary judgment motions. *154 However, the judgment of a trial court cannot be reversed on the ground that the trial court made an error of law unless the court of appeals concludes the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals. See TEX.R.APP. P. 44.1(a).
Runnels pled that K.B.S. "has no presumed, acknowledged, or adjudicated father." He also asked for service on the "adoptive" parents, appellees herein, and alleged the "adoptive father of the child the subject of this suit is [M.H.S.]." Thus, Runnels recognized in his pleadings that an adoption had occurred prior to the filing of his petition. Appellees pled that K.B.S. was previously adjudicated to be their child "and the above numbered and entitled cause has been sealed according to past Court orders and should not be utilized in any subsequent Suit Affecting the Parent-Child Relationship. . . ." The dispositive facts are not in dispute and the issue on appeal is one of law: whether K.B.S. had an "adjudicated father" by virtue of the 1996 adoption.[1] Runnels argues he could file his suit at any time because the Family Code permits a putative father to commence a paternity action at any time when the child has no presumed, acknowledged, or adjudicated father. See TEX. FAM.CODE ANN. § 160.606 (Vernon 2002). The appellees argue Runnels had to file a paternity suit within four years of the entry of the adoption decree because the Family Code requires a putative father who was not a party to an adjudication to file suit within four years of the effective date of the adjudication. See TEX. FAM. CODE ANN. § 160.609(b) (Vernon 2002).
We do not believe the Legislature intended for the statute relied upon by appellant to allow such a disruption to a child who has lived for such a long period of time in a relationship with adoptive parents. At the time of the adoption, the Family Code provided that no adoption could be attacked more than two years after the adoption. See Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 220 (current version at Tex. Fam.Code Ann. § 162.012 (Vernon 2002)). Standing for a putative father to commence a paternity action at any time is conferred only when the child has no presumed, acknowledged, or adjudicated father. See TEX. FAM.CODE ANN. § 160.606. Section 160.102 defines an "Adjudicated father" as "a man who has been adjudicated by a court to be the father of a child." TEX. FAM.CODE ANN. § 160.102 (Vernon 2002). Section 101.024 defines "Parent" as "a man presumed to be the father, a man legally determined to be the father, a man who has been adjudicated to be the father by a court of competent jurisdiction, a man who has acknowledged his paternity under applicable law, or an adoptive mother or father." TEX. FAM.CODE ANN. § 101.024 (Vernon 2002). Section 160.201(b) states that a father-child relationship is established *155 between a man and a child by five possible means, one of which is adoption. TEX. FAM.CODE ANN. § 160.201(b)(4) (Vernon 2002). A father may be a biological father or an adoptive father, and Section 160.609 does not restrict the applicable court proceeding creating the father-child relationship to other parentage actions. We construe the term "adjudicated father" in Section 160.609 to include an adoptive father as well as a father decreed to be a biological parent of the child. Prior to Marvin Runnels' filing his petition to adjudicate parentage, M.H.S. was adjudicated to be K.B.S.'s father pursuant to the adoption order. Because K.B.S. had an adjudicated father, Runnels was not free to bring his action attempting to establish paternity at any time. The legislature established a four year limitation period within which suit must be commenced under circumstances where the child has an adjudicated father. The record reflects the four-year statutory period ended in December 2000.
Appellants' own pleadings and the prior adoption order in the file establish the correctness of the dismissal order. We conclude under the circumstances the error in procedure does not require reversal of the trial court's judgment. See TEX. R.APP. P. 44.1(a). The judgment is affirmed.
AFFIRMED.
NOTES
[1] We ordered the record to be supplemented with the sealed adoption record in this cause. The original petition for termination and adoption alleges that the child's father is unknown. No service was perfected or attempted on the unknown father, no attorney ad litem was appointed to represent his interest, and the unknown biological father's parental rights were not expressly terminated. The biological mother executed an Affidavit of Relinquishment of Parental Rights which was never revoked, and the biological mother's parental rights were expressly terminated. The trial court entered an Order establishing the parent-child relationship between the child and the appellees and eight years have passed since the Order of Adoption was signed establishing the father-child relationship between the child and appellee M.H.S. On appeal, appellant does not make any constitutional challenge or argument.