NO. 07-04-0451-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 13, 2006

_____

IN THE MATTER OF THE MARRIAGE OF DONNA JEAN PRESTON
AND JACKIE JOE ELKINS AND IN THE INTEREST OF ROBERT
JAMES PRESTON ELKINS AND JACQUELINE WHITNEY ELKINS,
MINOR CHILDREN

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2004-525,949; HON. DRUE FARMER, PRESIDING

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Jackie Joe Elkins (Elkins) challenges the trial court's dismissal of his bill

of review with respect to a final decree of divorce dissolving his marriage to appellee

Donna Jean Preston (Preston) entered on April 11, 1997.  He contends the trial court

abused its discretion in entering that dismissal.  We affirm the order of the trial court.


**Background**

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

An original petition for divorce was filed by Preston on October 20, 1996. Elkins agreed to waive service of process. Thereafter, on the date of the final hearing, Preston filed an amended petition for divorce which listed a second child of the marriage which had inadvertently been left off the original petition. That amended petition was not served on Elkins and he did not waive service. The final divorce decree was entered on April 11, 1997. Thereafter, Elkins paid child support and remarried in 2000. However, he claims not to have been actually aware of the divorce until the year 2002 when he went to the courthouse to look at the file. He filed a petition for bill of review on April 7, 2004, seeking to have the divorce decree set aside on the basis he was never served with a copy of the amended petition for divorce. Preston filed an answer and a motion to dismiss alleging that Elkins had failed to pursue all available legal remedies against the former judgment and that the action was barred by the statute of limitations, laches, res judicata, and merger and bar. After a hearing, the trial court entered an order of dismissal without specifying the basis on which it was granted.

## Applicable Law

A bill of review is an equitable proceeding to set aside a judgment that is not void on its face but no longer appealable or subject to a motion for new trial. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied,* 541 U.S. 1030, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004); *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex. 1979). To obtain a bill of review, a petitioner must plead and prove 1) a meritorious defense to the cause of action, 2) the petitioner was prevented from making the defense by fraud, accident, or wrongful act, and 3) the petitioner was not negligent. *King Ranch, Inc. v.*

*Chapman,* 118 S.W.3d at 752; *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). However, it is not necessary to show the first two elements when the petitioner has failed to receive notice of the lawsuit. *Caldwell v. Barnes,* 154 S.W.3d 93, 96-97 (Tex. 2004). A bill of review must be brought within four years of the date of the judgment absent a showing of extrinsic fraud.[2] *Caldwell v. Barnes,* 975 S.W.2d 535, 538 (Tex. 1998) (holding that the residual four-year statute of limitations in §16.051 of the Civil Practice & Remedies Code applies to bills of review); *Temple v. Archambo,* 161 S.W.3d 217, 223-24 (Tex. App.--Corpus Christi 2005, no pet.) (holding that a bill of review must be brought within four years of the date of judgment unless extrinsic fraud is proven). We review the trial court's decision to grant or deny a bill of review for abuse of discretion. *Nguyen v. Intertex, Inc.,* 93 S.W.3d 288, 293 (Tex. App.--Houston [14th Dist.] 2002, no pet.); *Interaction, Inc. v. State,* 17 S.W.3d 775, 778 (Tex. App.--Austin 2000, pet. denied).

## Application of Law to Facts

Elkins contends that the trial court abused its discretion in dismissing the bill of review because the evidence in support of the motion was factually insufficient in that it did not establish 1) that the bill of review was barred by limitations, 2) that he failed to exercise due diligence in pursuing all available legal remedies, and 3) that his claim was barred by laches, res judicata, or merger and bar. It is undisputed that more than four years elapsed from the date of the judgment to the filing of the bill of review. Thus, the cause of action is barred unless there was evidence that Preston fraudulently failed to serve him in order

---

[2]Extrinsic fraud denies a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex. 1989).

3

to obtain a judgment without actual notice to him or she defrauded him about being divorced. *Layton v. Nationsbanc Mortg. Corp.,* 141 S.W.3d 760, 763 (Tex. App.--Corpus Christi 2004, no pet.); *Defee v. Defee,* 966 S.W.2d 719, 722 (Tex. App.--San Antonio 1998, no writ.); *Lambert v. Coachmen Industries of Tex., Inc.,* 761 S.W.2d 82, 87 (Tex. App.-- Houston [14th Dist.] 1988, writ denied).

At the hearing, Preston testified that Elkins was the one who informed her that their daughter had not been listed in the divorce petition but that he agreed to sign the waiver of service form anyway. She further averred that he told her he had gotten a copy of the divorce decree from the courthouse within three to four months of the date the decree was granted and that they had discussed the divorce decree "just about every time we talk" with respect to matters of visitation and child support. Elkins also testified but did not recall ever telling Preston that he had gotten a copy of the divorce decree in 1997, and he said he only obtained a copy in 2002. However, he assumed he was divorced, he knew his wages were being garnished for child support, and he remarried in 2000.

Even assuming that the trial court believed that Elkins had not obtained a copy of the divorce decree until 2002, he failed to show that any errors in service were fraudulent and intended to keep him away from court or render him unable to defend himself. *See Layton v. Nationsbanc Mortg. Corp.,* 141 S.W.3d at 764. Elkins neither claimed that there were changes in the amended petition other than to add the name of his second child nor claimed to be unaware of the mistake or unaware that he had a second child whom he had a duty to support. Also, the fact that Elkins felt himself legally able to remarry belies any claim that he was defrauded about being divorced.

4

Elkins argues that Preston failed to present her defense of the statute of limitations by way of a motion for summary judgment but instead did so through a motion to dismiss. An affirmative defense must be proven at trial or through summary judgment proceedings. *In re K.B.S.,* 172 S.W.3d 152, 153 (Tex. App.--Beaumont 2005, pet. denied). However, a judgment cannot be reversed on the ground that the trial court made an error of law unless we can conclude that the error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case to the court of appeals. Tex. R. App. P. 44.1(a); *In re K.B.S.,* 172 S.W.3d at 153.

Both parties gave sworn testimony at a hearing held by the trial court. Elkins was aware that the affirmative defense of the statute of limitations would be the subject of that hearing. Accepting Elkins' testimony as true, there is still no evidence of extrinsic fraud so as to defeat the defense. We therefore cannot find that the error was harmful.

Accordingly, the order of the trial court is affirmed.


John T. Boyd
Senior Justice