

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| CROCKETT COUNTY, TEXAS, | § | No. 08-14-00123-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 112th Judicial District Court |
| | § | |
| KLASSEN ENERGY, INC., | § | of Crockett County, Texas |
| | § | |
| Appellee. | § | (TC# 13-08-07413) |
| | § | |

# **O P I N I O N**

In this interlocutory appeal, Crockett County contends that the trial court erred by denying its plea to the jurisdiction because the county is immune from a suit challenging its decision to close a public road almost two decades ago. We vacate the judgment for want of jurisdiction.

## **BACKGROUND**

The facts in this appeal are straightforward. Klassen Energy, Inc., has owned a landlocked oil and gas lease in Crockett County, Texas, since January 30, 1998. From approximately 1995 to 1997, Klassen Energy's predecessor-in-interest could access the leased land by using County Road 309 and used that road as the sole means of ingress and egress. In March 1995, the Crockett County Commissioners Court voted to close County Road 309 to the

public. For more than a decade afterward, Klassen Energy apparently continued to use County Road 309, which traverses land owned by the University of Texas System Lands Division ("UT"), to obtain access to its leasehold1998. In 2013, UT decided to require Klassen Energy to pay for an easement across its land. Klassen Energy purchased the easement, then filed suit against Crockett County, seeking indemnity and a declaration that the 1995 closure order was invalid, or, alternatively, that the county needed to build a road to provide Klassen Energy access to its leased lands.

Crockett County filed a plea to the jurisdiction on sovereign immunity grounds. The trial court overruled the plea, and Crockett County appealed. We have jurisdiction under the interlocutory appeal statute. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(West 2015).

## DISCUSSION

In its sole appellate issue, Appellant maintains that Klassen Energy is statutorily barred from challenging the validity of the 1995 commissioners court order on repose ground.[1] We agree.

### *Standard of Review*

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). We review the question of whether the trial court had subject matter jurisdiction *de novo*. *Id*. at 226.

### *Analysis*

At the outset, Klassen Energy contends we should affirm the trial court's order because

---

[1] Appellee Klassen Energy also raises other arguments in its brief related to its own standing to pursue suit and substantive waivers for its claims. Because Crockett County only raised limitations/repose arguments, and because those grounds are dispositive, we decline to address the other issues raised in Klassen Energy's brief as unnecessary to the resolution of this appeal. *See* TEX.R.APP.P. 47.1.

2

Appellant improperly presented affirmative limitations and repose defenses in a plea to the jurisdiction when those defenses may only be raised via summary judgment. We disagree. Ordinarily, a defendant must prove an affirmative limitations defense either at trial, or through the traditional summary judgment framework. *See Lazy R Ranch, L.P. v. ExxonMobil Corp.*, No. 08–13–00281–CV, 2015 WL 181651, at \*2 (Tex.App.--El Paso Jan. 14, 2015, pet. filed); *In re K.B.S.*, 172 S.W.3d 152, 153 (Tex.App.--Beaumont 2005, pet. denied). However, a government entity may properly bring a limitations or repose defense in a plea to the jurisdiction if the applicable statute clearly establishes that timely filing is a statutory prerequisite to suit and, thus, jurisdictional. *See DeMagaloni v. Bexar Cnty. Hosp. Dist.*, No. 04-12-00691-CV, 2013 WL 4829133, at \*2 (Tex.App.--San Antonio Sept. 11, 2013, no pet.)(mem. op.)(limitations period set by TEX.LAB.CODE ANN. § 21.256 (West 2015) is jurisdictional and may be properly raised in a plea to the jurisdiction); *see also El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 151 (Tex.App.--El Paso 2010, no pet.)(granting plea to the jurisdiction based on school district's limitations defense under the Texas Labor Code). Here, the statute of repose specifically governing this action states:

> (a) A person must bring suit for any relief from the following acts not later than two years after the day the cause of action accrues:
>
> .      .      .
>
> > (2) the adoption by a commissioners court of an order closing and abandoning, or attempting to close and abandon, all or any part of a public road or thoroughfare in the county, other than a state highway.
>
> (b) The cause of action accrues when the order or ordinance is passed or adopted.
>
> (c) If suit is not brought within the period provided by this section, the person in possession of the real property receives complete title to the property by limitations and the right of the city or county to revoke or rescind the order or ordinance is barred.

3

TEX.CIV.PRAC.&REM.CODE ANN. § 16.005 (West 2002).[2]

Because the State is immune from suit absent legislative consent, and because legislatively enacted statutory prerequisite conditions to suit are jurisdictional, violation of a statutory requisite is a proper ground for a plea to the jurisdiction. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512-13 (Tex. 2012). In determining whether a statute is a "statutory prerequisite" to suit, we look to see: (1) whether there is "relevant statutory language" establishing a procedure; (2) whether that procedural prerequisite is required, i.e. "essential" or "necessary[;]" and (3) whether that procedural prerequisite "must be met before the lawsuit is filed." *Id. at* 511-12 n.16.

The statute here mandates that a person seeking to challenge a commissioners court order closing a public road "must bring suit for any relief . . . not later than two years after the day the cause of action accrues[.]" TEX.CIV.PRAC.&REM.CODE ANN. § 16.005(a). The plain language clearly establishes that compliance with this temporal requirement is mandatory. Subsection (c) also makes clear that "[i]f suit is not brought within the period provided by this section," title to real property vests in the person who possesses it and the county is barred from rescinding its order. *Id*. at § 16.005(c). In short, Section 16.005 passes the test set out in *Chatha*. The two-year filing deadline here is a statutory prerequisite to suit.

The parties next dispute whether Section 16.005 constitutes a statute of repose or a statute of limitations. The distinction carries a significant legal difference. A statute of repose, much like a statute of limitations, sets a time limit on a plaintiff's ability to bring a claim. However, unlike a statute of limitations, a statute of repose begins running from a specific point in time, regardless of whether a cause of action has accrued yet. *Jefferson State Bank v. Lenk*, 323

---

[2] We note that this statute of repose has been in effect since 1985 and predates the commissioners court order at issue here by nearly a decade. *See* Act of Sept. 1, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 TEX.GEN.LAWS 3242, 3253.

S.W.3d 146, 147 n.2 (Tex. 2010). "[T]he essential function of all statutes of repose is to abrogate the discovery rule and similar exceptions to the statute of limitations." *Methodist Healthcare Sys. of San Antonio, Ltd., LLP v. Rankin*, 307 S.W.3d 283, 289 (Tex. 2010). Thus, while a litigant may toll a statute of limitations where an injury is undiscoverable, a statute of repose acts as a hard temporal bar and a substantive limit to a plaintiff's right to recovery. *Id*.

Klassen Energy claims that Section 16.005 does not create a statute of repose, but a statute of limitations that may be tolled by the discovery rule. Appellant correctly notes that the plain language of the statute frames the temporal inquiry in terms of accrual, which would suggest this section is a statute of limitations. However, the statute also states that "[t]he cause of action accrues when the order or ordinance is passed or adopted," and the remaining provisions of the statute provide that once two years elapse from that date, title to real property vests and the commissioners court loses the power to rescind its order. Our sister court in Texarkana has referred to this provision in passing as a statute of repose, and we agree with its assessment. *See Hanks v. Sabine Cnty.*, No. 06-10-00099-CV, 2011 WL 1260211, at *3 n.10 (Tex.App.--Texarkana Apr. 5, 2011, pet. denied)(mem. op.). The mechanics of this statute as a whole show that the Legislature intended it to act as a substantive limitation on the right of recovery, not as a claims-processing rule. As such, Section 16.005 is a statute of repose not subject to the discovery rule. The trial court lost jurisdiction to entertain a challenge to the March 1995 commissioners court order two years after its issuance.

Klassen Energy counters that even if the statute of repose creates a jurisdictional bar to suit, Appellant cannot claim immunity under these facts because the commissioners court failed to properly pass the road closure order under Section 2.002(e) of the now-repealed County Road and Bridge Act. *See* Act of May 20, 1989, 71st Leg., R.S., ch. 428, § 2, 1989 TEX.GEN.LAWS

1574, 1574-75, *repealed by* Act of April 21, 1995, 74th Leg., ch. 165, § 24(a), 1995 TEX.GEN.LAWS 1025, 1870.[3] We again disagree. The statute of repose covers not only procedurally valid commissioners court orders, but also any order "*attempting* to close and abandon[] all or any part of a public road[.]" *Id*. at § 16.005(a)(2)[Emphasis added]. We need not decide whether the Crockett County commissioners issued a procedurally defective order closing County Road 390 in March 1995. The statute of repose insulates Crockett County from any attack on its road closure order, valid or not, after two years. Because the undisputed evidence shows that Klassen Energy and its predecessors-in-interest failed to file suit to challenge the commissioners court order before March 5, 1997, recovery here is absolutely barred.

Issue One is sustained. The trial court's judgment is vacated for want of jurisdiction.


April 30, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

---

[3] Section 2.002(e) of the former County Road and Bridge Act that Klassen Energy cites states as follows:

> If a commissioners court, acting either upon the request of one or more parties or on its own initiative, by order closes, abandons, and vacates a public road or part thereof, no property owner shall be entitled to enjoin the entry or enforcement of said order unless the property owner might otherwise be entitled to said injunctive relief because the property of such owner abuts the portion of the road being closed, abandoned, and vacated or because ingress or egress to such owner's property is only available by use of said portion of the subject road; provided, however, this subsection shall not deprive a property owner whose property abuts the subject road at a point other than the portion of the road being closed, abandoned, and vacated of any right to seek damages, if any, proximately caused by any depreciation in the value of the owner's property or by any impairment of the owner's right of ingress and egress to the owner's property. Title to the public road or part thereof that is closed, abandoned, and vacated and that abuts an owner's property, to the center line of the road, vests, on the date the order is signed by the county judge, in such abutting property owner. A copy of the order shall be filed of record in the deed records of the county and shall act as the official instrument of conveyance from the county to the abutting property owner.

Act of May 20, 1989, 71st Leg., R.S., ch. 428, § 2, 1989 TEX.GEN.LAWS 1574, 1574-75. This provision was repealed as part of the codification of the Texas Transportation Code. The current version apparently is located at TEX.TRANSP.CODE ANN. § 251.058 (West 2013).