**Opinion issued July 26, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00092-CV

————————————

**JOHN HERBERT MATTHEWS, Appellant**

**V.**

**COLORADO COUNTY, Appellee**

On Appeal from the 25th District Court
Colorado County, Texas
Trial Court Case No. 24,096

## MEMORANDUM OPINION

John Herbert Matthews challenges the trial court's order granting Colorado County's first amended plea to the jurisdiction. In one issue, Matthews contends that the trial court erred in granting the County's plea because there is no temporal bar to his suit against the County. We affirm.

## Background

At issue in this case is the legal status of 740.64 feet of County Road 79, formerly known as Washington Ferry Road, in Colorado County. Matthews owns property abutting this portion of County Road 79.

The record reflects that, in 1951, the Colorado County Commissioners Court commissioned the creation of a road map of all existing county roads of Colorado County. In 1953, the Commissioners Court ordered the discontinuation of the portion of County Road 79 beginning at a point identified in the order as "150 feet west from the northeast corner of the Herbert Matthews tract" and continuing westward to the end of the Washington Ferry Road at the Colorado River. This encompasses the stretch of road at the center of this dispute.

In 1961, the Commissioners Court approved the county road map that had been commissioned in 1951. The map included the entire length of County Road 79.[1]

---

[1] The County disputes the effect of the 1953 order, arguing that because it was not filed in the county's deed records, does not specify that the roadway is closed to public use, and does not transfer any claim, right, or interest the public may have held in the discontinued roadway to adjoining property owners, the order "does not 'abandon' any part of County Road 79." Matthews, on the other hand, argues that the 1961 county road map is not an official map because there is no evidence showing that Matthews or his family predecessors in title had any knowledge of the map, that the map was ever recorded in the county's real property records, or that the map was referenced by subsequent conveyances of property lying along the allegedly discontinued portion of the road or elsewhere.

2

In 2003, the Legislature adopted Chapter 258 of the Transportation Code which allows a Texas county to adopt a county road map in order to "clarify the existence of a public interest in a road."[2] This opportunity to clarify the county road situation is limited in time and "applies only to a county that initiates or completes compliance with the provisions of this chapter before September 1, 2011."[3]

On August 19, 2011, the Commissioners Court signed an order stating that the County had initiated steps "reasonably designed and intended to comply in full with the requirements of Chapter 258 . . . prior to September 1, 2011." The steps enumerated were that the county had (1) hired legal counsel; (2) conducted a preliminary review of the country roads and identified the roads in which the County intended to claim a public interest as a result of the county's longstanding maintenance of the road and its public use by the general public; and (3) begun steps to include the index of roads in which the County intended to claim a public interest in the ad valorem tax statement. On April 2, 2012, the Commissioners Court signed an order adopting the final county road map pursuant to Chapter 258.[4]

---

[2]      *See* TEX. TRANSP. CODE ANN. §§ 258.001–.002 (West 2013).

[3]      *Id.* § 258.007.

[4]      The order also enumerated the procedural steps that the County had taken in order to comply with Chapter 258.

On November 5, 2014, Matthews and seven other property owners filed an application for confirmation of discontinuance of abandoned public road with the Commissioners Court pursuant to Transportation Code section 251.052, requesting that the Commissioners Court reconfirm the 1953 order discontinuing the portion of County Road 79 at issue. Following two hearings, the Commissioners Court denied the motion.

On February 9, 2015, Matthews filed suit against the County, alleging inverse condemnation and violations of the Open Meetings Act[5] and seeking declaratory and injunctive relief with respect to the status of the allegedly discontinued portion of County Road 79. On August 13, 2015, the County filed its first amended plea to the jurisdiction asserting that Matthews's suit was barred under the applicable two-year, three-year, and ten-year statutes of limitation as well as by section Chapter 258's statute of repose. In his response, Matthews argued that the County's failure to timely adopt a procedurally correct county road map precluded operation of section 258.004's statute of repose to bar his suit.

Following a hearing, the trial court granted the County's plea. This interlocutory appeal followed.

---

[5] TEX. GOV'T CODE ANN. § 551.141 (West 2012).

## Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). If a court lacks subject matter jurisdiction in a particular case, then it lacks authority to decide that case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993) (reasoning that subject matter jurisdiction is essential to authority of court to decide case).

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and, thus, is properly asserted in a plea to the jurisdiction. *Tex. DOT v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999) (per curiam). Chapter 258, and specifically section 258.004, has been held to waive a county's immunity in contests to county road maps proposed pursuant to Chapter 258. *See Coryell Cty. v. Harrell*, 379 S.W.3d 345, 349 (Tex. App.—Waco 2011, no pet.). An order which grants or denies a plea questioning the trial court's jurisdiction is reviewed de novo. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

## Transportation Code Chapter 258

In 2003, the Texas Legislature adopted chapter 258 of the Transportation Code to provide an expedited procedure to allow a county to preserve the existence of a public interest in a road. *Bastrop Cty. v. Samples*, 286 S.W.3d 102, 108 n.5 (Tex. App.—Austin 2009, no pet.). This was done because the county might not

otherwise be able to prove that such an interest had been established due to a lack of witnesses with firsthand knowledge of the road's history. *Id.* (discussing House Transp. Comm., Bill Analysis, Tex. H.B. 1117, 78th Leg., R.S. (2003)). Chapter 258 does not create a new basis for a county to establish a claim to a roadway; rather, it "merely establishes a procedure whereby [a] county can clarify a public interest already in existence prior to September 1, 1981." *Mattox v. Grimes Cty. Comm'rs Court*, No. 01-14-00535-CV, 2015 WL 5076291, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, pet. denied) (mem. op.) (quoting *Wallace v. Kent Cty.*, No. 07–11–00427–CV, 2013 WL 4531253, at *3 (Tex. App.—Amarillo Aug. 21, 2013, no pet.) (mem. op.)). This procedure was of limited duration as Chapter 258 "applies only to a county that initiates or completes compliance with the chapter's provisions before September 1, 2011." TEX. TRANSP. CODE ANN. § 258.007 (West 2013).

Under section 258.002(a), "[t]he commissioners court of a county may propose a county road map that includes each road in which the county claims the existence of a public interest: (1) under Chapter 281 or other law; or (2) as a result of having continuously maintained the road with public funds beginning before September 1, 1981." *Id.* § 258.002(a). Subsections (b) through (f) list the procedural steps which the County must take to adopt a county road map. *Id.* § 258.002(b)-(f).[6]

---

[6] Under subsections (b) through (e), a commissioners court that proposes a county road map shall: (1) hold a public meeting at which a person asserting a private right, title, or interest in a road in which the county has claimed the existence of a public

Section 258.004(a) provides a mechanism for challenging the county's action by allowing a person to "contest the inclusion of the road in the county road map by filing a suit in a district court in the county in which the road is located not later than the second anniversary of the date on which the county road map including the road was adopted." *Id.* § 258.004(a). This procedure is established to bring finality to disputes about public use of roads in Texas's many counties. "Except as provided by Section 258.004, a county road map adopted under Section 258.002 is conclusive evidence of: (1) the public's right of access over a road included on the map and (2) the county's authority to spend public money to maintain a road included on the map." *Id.* § 258.003.

---

interest may protest the county's claim; (2) appoint a jury of view consisting of five property owners who have no interest in the outcome of the protest to determine, by a majority vote after a public hearing and an examination of the county's road maintenance records and other information, the validity of the county's claim of the existence of a public interest in the road; (3) publish at least once a week in a newspaper of general circulation in the county for at least four consecutive weeks preceding the date of the public meeting a notice: (a) advising the public that the commissioners court has proposed a county road map including each road in which the county claims the existence of a public interest; (b) identifying a location at the courthouse at which the proposed map will be available to the public during regular business hours; and (c) stating the date and location of the public meeting; (4) display the proposed map at the location and during the time described in the notice from the date on which notice is first published through the date on which the commissioners court formally adopts the proposed map; (5) hold a public meeting before the ninetieth day following the date of the initial public meeting in order to formally adopt the proposed map. Subsection (f) requires the county clerk to keep a county road map adopted under this section in a place accessible to the public. *See* TEX. TRANSP. CODE ANN. § 258.002 (West 2013).

Section 258.005(a) requires the commissioners court to "include a notice of its intention to consider adoption of the county road map with the ad valorem tax statements for the year before the adoption of a county road map under Section 258.002." *Id.* § 258.005(a). Subsection (b) further provides that "[t]he commissioners court shall include a notice of the adoption of the county road map with the ad valorem tax statements for the year after the year in which the county adopts a map under Section 258.002." *Id.* § 258.005(b).

## Discussion

Matthews contends that the trial court erred in granting the County's plea to the jurisdiction because the County failed to comply with the provisions of Chapter 258, and therefore, section 258.004 does not operate to bar his suit against the County. Characterizing the provisions of Chapter 258 as "a detailed series of thirteen statutory and procedural steps by which a county may act to adopt an official county road map," Matthews argues that the County did not timely initiate the first step, i.e., to propose a map to the public which includes each road in which the County claimed the existence of a public interest, and made an untimely attempt to provide the second ad valorem tax notice to the public which precludes the County from relying on the time limits in section 258.004 to bar his suit.

**A. "Initiate" Compliance**

Section 258.007 states that Chapter 258 "applies only to a county that initiates or completes compliance with the provisions of this chapter before September 1, 2011." *Id.* § 258.007. Matthews argues that the word "initiates" is modified by "with the provisions of this Chapter," and therefore, the County had to take the first of what he characterizes as thirteen steps, i.e., proposing a map to the public which included each road in which the County claimed the existence of a public interest, before September 1, 2011. He argues that because the map was not proposed to the public until October 1, 2011, the County failed to timely initiate compliance with the provisions of Chapter 258 and may not now rely upon it to bar his suit.

We give a statute's words their ordinary, everyday meanings unless we are given some reason to believe that the text of the statute indicates that the legislature intends the words to be interpreted in a technical sense. *Traxler v. Entergy Gulf State, Inc.*, 376 S.W.3d 742, 747 (Tex. 2012); *see Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (noting courts "apply the plain meaning . . . unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results.") The legislature has not defined "initiate," thus, we ascribe to the word its ordinary meaning. *See* TEX. GOV'T CODE ANN. § 312.002 (West 2013) ("Except [where a word is connected with and used with reference to a particular trade or subject matter or is used as a word of art], words shall be given

9

their ordinary meaning.")  "Initiate" means "to cause or facilitate the beginning of." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003).

The County argues that the Commissioners Court's August 19, 2011 order demonstrates that it timely initiated compliance with Chapter 258's provisions.  The order identified three steps previously taken by the County—hiring legal counsel, conducting preliminary review of county maintained roads and identifying those in which the county intended to claim a public interest, and commencement of steps to include an index of roads in the ad valorem tax statement.  The County asserts that these steps are necessary prerequisites to any mapping project under Chapter 258.  The order specifically noted that it was uncertain whether the County would be able to complete the entire process prior to September 1, 2011, and that the order's express purpose was "to document the facts set forth above, and to demonstrate that Colorado County has initiated steps reasonably designed and intended to comply in full with the requirements of Chapter 258, Texas Transportation Code."

We conclude that the County timely initiated its compliance with the provisions of Chapter 258.  The steps outlined above facilitated the preparation of a county road map.  Since these steps were taken prior to September 1, 2011, Chapter 258 applies to the County's actions and the adoption of the road map is covered by section 258.004(a).

## B. Is Section 258.004 a Statute of Repose?

Matthews argues that section 258.004 is not a statute of repose but instead a burden-shifting evidentiary presumption.

A statute of repose is similar to a statute of limitations in that it sets a time limit on a plaintiff's ability to bring a claim. *Crockett Cty. v. Klassen Energy, Inc.*, 463 S.W.3d 908, 912 (Tex. App.—El Paso 2015, no pet.). However, unlike a statute of limitations, a statute of repose begins to run from a specific date without regard to the accrual of a cause of action. *See Jefferson State Bank v. Lenk*, 323 S.W.3d 146, 147 n.2 (Tex. 2010). A statute of repose is therefore a substantive definition of rights, rather than a procedural limitation. *Id.* "[T]he essential function of all statutes of repose is to abrogate the discovery rule and similar exceptions to the statute of limitations." *Methodist Healthcare Sys. of San Antonio, Ltd., LLP v. Rankin*, 307 S.W.3d 283, 290 (Tex. 2010). Thus, while a litigant may toll a statute of limitations where an injury is undiscoverable, a statute of repose acts as a hard temporal bar and a substantive limit to a plaintiff's right to recovery. *Crockett Cty.*, 463 S.W.3d at 912. A statute of repose creates a substantive right to be free of liability after a legislatively determined period. *See Cadle Co. v. Wilson*, 136 S.W.3d 345, 350 (Tex. App.—Austin 2004, no pet.). While a statute of limitations bars enforcement of a right, a statute of repose takes away the right altogether, thus extinguishing it. *Id.*

11

Section 258.004(a) provides:

> A person asserting a private right, title, or interest in a road in which the existence of a public interest is asserted under this chapter may contest the inclusion of the road in the county road map by filing a suit in a district court in the county in which the road is located not later than the second anniversary of the date on which the county road map including the road was adopted.

TEX. TRANSP. CODE ANN. § 258.004.

Is section 258.004 a statute of repose that serves as a hard temporal bar to Matthews's right to bring suit challenging the County's road map? The statute begins to runs on a specific date, the date on which the county road map including the road was adopted, and makes no mention of the accrual of a cause of action. *See Lenk*, 323 S.W.3d at 147 n.2 (noting statute of repose begins to run from specific date without regard to accrual of cause of action). Section 258.003 also makes clear that unless suit is filed within the two-year period, the county road map is "conclusive evidence" of the public's right of access over a road included on the map. TEX. TRANSP. CODE ANN. § 258.003. Section 258.004 is therefore a substantive limit on Matthews's right to bring suit under Chapter 258 and, concomitantly, grants the County a substantive right to be free of liability from claims brought after the two-year period. *See Coryell Cty.*, 379 S.W.3d at 349 (noting that under 258.004, "[t]he contestant has two years from the date of the map's adoption to file a suit."); *see also Herndon v. Robison*, 270 S.W. 159, 159–60 (Tex. 1925) (concluding statute involving sale of school land providing that if no

12

suit challenging sale was filed within one year of sale, "it shall be conclusive evidence that all the requirements of the law with reference to the sale or lease of such lands have been complied with," was substantive rule of repose). We further note that, in his response to the County's first amended plea to the jurisdiction, Matthews refers numerous times to section 258.004 as a statute of repose, arguing that the County may not avail itself of the statute's protections because it failed to comply with the Chapter's procedural requirements in the adoption of its official county road map.

Matthews also contends that the County failed to affirmatively plead the statute of repose in an answer or counterclaim to Matthews's petition and, therefore, has waived this argument. Ordinarily, a defendant must prove an affirmative limitations defense either at trial, or through the traditional summary judgment framework. *See Crockett Cty.*, 463 S.W.3d at 911; *In re K.B.S.*, 172 S.W.3d 152, 153 (Tex. App.—Beaumont 2005, pet. denied). However, a government entity may properly bring a limitations or repose defense in a plea to the jurisdiction if the applicable statute clearly establishes that timely filing is a statutory prerequisite to suit and, thus, jurisdictional. *See DeMagaloni v. Bexar Cty. Hosp. Dist.*, No. 04–12–00691–CV, 2013 WL 4829133, at *2 (Tex. App.—San Antonio Sept. 11, 2013, no pet.) (mem. op.) (limitations period set by TEX. LAB. CODE ANN. § 21.256 is jurisdictional and may be properly raised in plea to jurisdiction).

The State is immune from suit absent legislative consent, and legislatively enacted statutory prerequisite conditions to suit are jurisdictional. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 512–13 (Tex. 2012). Therefore, violation of a statutory prerequisite is a proper ground for a plea to the jurisdiction. *Id.* In determining whether a statutory requirement is a "statutory prerequisite" to suit, we look to see whether (1) there is "relevant statutory language" establishing a procedure; (2) the procedural prerequisite is required, i.e. "essential" or "necessary[;]" and (3) the procedural prerequisite "must be met before the lawsuit is filed." *Id.* at 511–12 n.16.

Section 258.004 requires that a person seeking to contest the inclusion of a road in a county road map must file a suit in a district court in the county in which the road is located not later than the second anniversary of the date on which the county road map including the road was adopted. TEX. TRANSP. CODE ANN. § 258.004. This language demonstrates that compliance is mandatory. Subsection 258.003 also makes clear that unless suit is filed within the two-year period, a county road map adopted under section 258.002 is conclusive evidence of the public's right of access over a road included on the map. *Id.* § 258.003. Because section 258.004 establishes that timely filing is a statutory prerequisite to suit, and thus, jurisdictional, the County properly raised the statue of repose defense in its plea to

the jurisdiction in a suit filed more than two years after the map was adopted on April 2, 2012.

## C. Second Ad Valorem Tax Statement Notice

Matthews argues that the County's road map is procedurally defective because the County failed to follow section 258.003(b) which requires that "[t]he commissioners court [] include a notice of the adoption of the county road map with the ad valorem tax statements for the year after the year in which the county adopts a map under Section 258.002." TEX. TRANSP. CODE ANN. § 258.005.

The official county road map was adopted on April 2, 2012. The record reflects that Colorado County gave its second ad valorem tax notice of the adoption of the county road map in September, 2012.[7] Matthews contends this was a year too early.

We note, however, that section 258.003 provides that "[e]xcept as provided by Section 258.004, a county road map *adopted under Section 258.002* is conclusive evidence of: (1) the public's right of access over the roads included in the map; and (2) the county's authority to spend public money to maintain the road included on

---

[7]     In compliance with section 258.005(b), the second notice stated that "Colorado County hereby advises the public that a two year period of limitation, which expires two years after the date of adoption, or 4/2/2014, will thereafter bar litigation contesting the county's right to continue maintenance upon the roads set forth in the County Road Map and as set forth in this Notice."

the map." *Id.* § 258.003 (emphasis added). Here, the County adopted the official county road map pursuant to the requirements of section 258.002 on April 2, 2012. The statutory requirement regarding the County's second tax statement notice is not part of section 258.002, which outlines the procedural steps required to adopt a map, but is instead a notice provision set forth in section 258.005 ("Transfer of Interest"), which does not modify the "conclusive" nature of a map adopted under section 258.002.

Having failed to file suit challenging the inclusion of County Road 79 on the county road map before the expiration of the two-year period after the map was adopted, Matthews's suit is barred. *See id.* § 258.007. Because the trial court did not err in granting the County's plea to the jurisdiction, we overrule appellant's issue.[8]

## Conclusion

We affirm the trial court's order granting Colorado County's first amended plea to the jurisdiction. We dismiss all pending motions as moot.

---

[8] Matthews raises additional arguments in his brief not germane to the question before us, i.e., whether the trial court properly concluded that it lacked subject matter jurisdiction over Matthews's suit. In light of our disposition, we decline to address these additional arguments as unnecessary to the resolution of this appeal. *See* TEX. R. AP. P. 47.1.

16

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.